IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID ERICH SCHIESSER, #370969 | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. AW-12-cv-1808 |
| ANY PARTY | * | |
| Defendant | * | |
| | *** | |

**MEMORANDUM**

The Court notified Plaintiff David Erich Schiesser ("Schiesser") that because the show cause response filed in this case by the Office of the Attorney General of the State of Maryland constitutes a substantive response to his complaint for injunctive relief and is accompanied by an affidavit and other documentary evidence, the response would be treated as a motion for summary judgment. Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d. 309 (4th Cir. 1975), the self-represented Plaintiff was notified that he was entitled to file an opposition response, with supporting materials. ECF Nos. 7 and 8. No opposition was filed. For the following reasons summary judgment will be entered in favor of the Warden.

**BACKGROUND**

On June 19, 2012, Schiesser filed correspondence in this Court stating he was suicidal and not receiving his medication. ECF No. 1. Schiesser's correspondence was construed by the Court as a motion for emergency injunctive relief and on July 2, 2012, the Office of the Attorney was directed to file a response within fourteen days. On the same day, Schiesser was placed the Administrative Segregation Observation Area (ASOA) for medical observation and constant watch. Exhibit 1, Declaration of Sgt. James Balderson, at ¶2, Exhibit 1-2, Offender Traffic

History Sheet.

Defendants' verified pleadings filed in support of their Motion for Summary Judgment provide the following information.  On June 15, 2012, Dr. H. Pinn, a psychologist, advised Schiesser that he and two other medical and mental health providers had reviewed his medication regimen and concluded no changes were indicated. Exhibit 2 at 1 (noting the medication regimen was "therapeutically appropriate"). On June 26, 2012, the medical department received a note indicating that Schiesser was thinking of killing himself. Exhibit 2 at 2.  Dr. Reeves, a mental health provider, was consulted, and Schiesser was placed on a 30-minute watch. Exhibit 2 at 2, 4-5. He was also examined by Lino Quillo, M.D. for medical care on that date, Exhibit 2 at 7-8. Additionally, medical providers assessed Schiesser on June 27, 2012 (Exhibit 2 at 11-20), June 28 (Exhibit 2 at 21-24), and June 29.  (Exhibit 2 at 25-36). On July 2, 2012, Schiesser was placed on suicide observation. Exhibit 2 at 38.

Defendants aver that Schiesser tries to manipulate his medication, preferring Benzos and Seroquel to his current medications of Elavil, Vistaril and Thorazine. *See id*. His medications were adjusted on July 2, 2012. Exhibit 2 at 38.  When Schiesser was seen by medical staff on July 5, 2012, and he stated that he wanted to change his medication to Ativan and Seroquel. Exhibit 2 at 41. He was seen by medical providers for his concerns again on July 8, 9, 10 and 11, 2012.  Exhibit 2 at 42-49.

## ANALYSIS

A preliminary injunction is an extraordinary and drastic remedy. See *Munaf v. Geren,* 553 U.S. 674, 689-90 (2008).  To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an

injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc*., 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, _U.S. _, 130 S.Ct. 2371, 176 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam). Schiesser provides no evidence that he is likely to prevail on the merits or that he is likely to suffer irreparable harm. The undisputed evidence presented here suggests Schiesser is receiving medical and mental health care and supervision to ensure his wellbeing and safety. The balance of equities is not in his favor and there is no demonstration that an injunctive would serve the public interest.

Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law. In *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249(1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have

the burden of proof.  *See Celotex Corporation v. Catrett*, 477 U.S. 317, 322–23 (1986).

 In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in a light most favorable to the party opposing the motion." *Matsushita Electric Industrial. Co. Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc*., 369 U.S. 654(1962)).

Under the circumstances presented here, corrections officials and mental health staff have addressed and continue to recognize and act in response to Schiesser's suicidal ideations. Schiesser's disagreement with medical professionals over the proper course of medications prescribed does not constitute a claim of constitutional magnitude. *See e.g.  Wright v. Collins,* 766 F.2d 841, 849 (4th Cir. 1985); *Wester v. Jones*, 554 F.2d 1285 (4th Cir. 1977); *Russell v. Sheffer*, 528 F.2d 318 (4th Cir. 1975).   No genuine issue as to any material fact is presented.  For these reasons, the court deems it appropriate to enter summary judgment in favor of Defendant as a matter of law.

## CONCLUSION

For these reasons, the court will deny emergency injunctive relief and grant summary judgment in favor of Defendant. A separate Order follows.

                                            /s/
                                  Alexander Williams, Jr.
                                  United States District Judge